UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICANOR RODRIGUEZ,<br><br>            Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>            Respondent. | NO. SACV 11-01050 VBF (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation ("R&R"), and Petitioner's Objections, which incorporate by reference the arguments set forth in Petitioner's "Response to Order to Show Cause Why Writ Should Not Be Dismissed As Untimely" (the "OSC Response"). After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the recommendation of the Magistrate Judge to deny the Petition and dismiss the action with prejudice.

1	However, the Court addresses Petitioner's equitable tolling
2 arguments as set forth in the OSC Response (and incorporated by
3 reference in the Objections) because the OSC Response was not received
4 until after the Report and Recommendation issued. In the OSC Response,
5 Petitioner contends that his 1997 conviction for burglary was
6 unconstitutional because he was tried as an adult, although he was only
7 seventeen years old at the time of the offense. (OSC Response at 1-
8 2). Petitioner states that because he did not "know[] the law or hav[e]
9 knowledge of grounds to appeal, being ignorant, with an 8th grade
10 education," he did not challenge his conviction at that time. (<u>Id.</u> at
11 2). Petitioner appears to argue that the reason for his delay in filing
12 his current federal Petition was that he only recently learned of the
13 legal grounds for his challenge. (<u>Id.</u> at 3).

15	Petitioner is not entitled to equitable tolling for two independent
16 reasons, i.e., that he has not demonstrated that he diligently pursued
17 his rights and that he has not demonstrated that an extraordinary
18 circumstance actually prevented his timely filing of the instant
19 Petition. <u>See</u> <u>Holland v. Florida</u>, __ U.S. __, 130 S. Ct. 2549, 2562,
20 177 L. Ed. 2d 130 (2010). As noted in the Report, Petitioner's
21 conviction became final on April 7, 1997. (R&R at 6). However,
22 Petitioner apparently failed to take prompt action to challenge his
23 conviction. Instead, Petitioner waited until February 2010 to file a
24 state habeas petition and waited until June 2011 to file the instant
25 federal Petition. (<u>See</u> OSC Response at 1-5). Furthermore, nothing in
26 the OSC Response addresses any barrier, apart from Petitioner's alleged
27 ignorance, to Petitioner's pursuit of habeas relief. (<u>See</u> <u>id.</u>).

Thus, the Court concludes that Petitioner is not entitled to equitable tolling because he has not demonstrated that he diligently pursued his rights for the nearly thirteen years between the time his conviction became final in April 1997 until he filed his first and only state habeas petition in February 2010, or the more than fourteen years until he filed his federal Petition in June 2011.  See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("[The petitioner] has also failed to show that he has been diligently pursuing his rights. . . . Indeed, he fails to make any specific allegation what he did to pursue his claims and complain about his situation.") (internal brackets and quotation marks omitted).  Accordingly, Petitioner fails to satisfy the diligence prong of the equitable tolling test.

Petitioner has also failed to demonstrate that an extraordinary circumstance actually prevented his timely filing of the instant Petition.  Petitioner's pro se status or ignorance of the law is not an extraordinary circumstance.  Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) ("[E]quitable tolling requires a petitioner to show that some 'extraordinary circumstance beyond his control' caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone.") (internal brackets, quotation marks and citations omitted); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)  ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

In sum, Petitioner has failed to demonstrate that he diligently pursued his rights following his conviction or that an extraordinary

3

circumstance outside of his control prevented the timely filing of his Petition.  Accordingly, he is not entitled to equitable tolling.

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his address of record.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 1, 2011

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

4